

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/03/2012

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 11-35884 |
| JAMES STEVEN HOOVER; dba HOOVER'S TRANSPORT LLC; aka HOOVER; aka HOOVER, *et al* | § § § § § | CHAPTER 7 |
| Debtor(s). | § § | JUDGE ISGUR |
| KRITTER KRATES, INC. | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 11-3493 |
| JAMES STEVEN HOOVER, *et al* | § § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Kritter Krates, Inc. fails to state a claim upon which relief may be granted against Shoani Hoover. The First Amended Complaint contains only conclusory allegations against Ms. Hoover, which are insufficient to state a claim. By separate order, the Court dismisses the claims against Ms. Hoover.

### Background

James and Shoani Hoover filed chapter 7 bankruptcy on July 6, 2011. Case No. 11-35884. Kritter Krates filed this adversary proceeding against the Hoovers on September 29, 2011. ECF No. 1. Before the Hoovers' bankruptcy, Kritter Krates obtained a state-court judgment against James Hoover for breach of a confidential relationship and misappropriation of trade secrets. In this adversary proceeding, Kritter Krates seeks a determination that the state-court judgment is excepted from discharge under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and

523(a)(6), and that Ms. Hoover is also liable for the amount of the judgment on a non-dischargeable basis..

On March 2, 2012, the Court required Kritter Krates to amend its complaint, finding that the original complaint did not adequately state a claim against Ms. Hoover.  Kritter Krates filed its First Amended Complaint, ECF No. 17, on March 22, 2012.

### Rule 12(b)(6) Standard

The Court reviews pleadings to determine whether the plaintiff has stated a claim "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).  However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."  129 S.Ct. 1937, 1950 (2009) (quoting Rule 8(a)(2)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

A motion under Rule 12(b)(6) will be treated as one for summary judgment under Rule 56 when matters outside the pleadings are presented and not excluded by the Court. Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012(b). Under Rule 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. In the event a motion to dismiss is converted to one for summary judgment, a court must first give the parties notice and then may consider all evidence presented. *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009).

## Analysis

Kritter Krates does not state a claim against Ms. Hoover. In its First Amended Complaint, Kritter Krates makes no specific factual allegations against Ms. Hoover. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted).

The First Amended Complaint merely states the elements of conspiracy and willful and malicious injury and asserts that Ms. Hoover engaged in "acts and omissions" and was "actively involved" in the alleged theft of Kritter Krates' trade secrets. Kritter Krates' allegations are naked assertions. The First Amended Complaint contains no facts that would enhance Kritter Krates' assertion that Ms. Hoover was involved in the alleged theft or misappropriation of trade secrets. The First Amended Complaint also contains no facts to support its recitation of the elements of conspiracy and its conclusion that "Shoani Hoover was a co-conspirator." Because

Kritter Krates does not state a claim against Ms. Hoover, the Court dismisses the claims against her.

## Conclusion

The Court will dismiss the claims against Shoani Hoover by separate order.

SIGNED **April 3, 2012.**

                                      Marvin Isgur
                    UNITED STATES BANKRUPTCY JUDGE